UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH D.,

                                                                             <u>DECISION AND ORDER</u>

                              Plaintiff,

                                                                             21-CV-0394L

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                                         Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On November 1, 2018, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since April 1, 2016. (Administrative Transcript, Dkt. #5 at 15). His applications were initially denied. Plaintiff requested a hearing, which was held May 12, 2020 via teleconference before Administrative Law Judge ("ALJ") Moises Penalver. The ALJ issued an unfavorable decision on August 21, 2020 (Dkt. #8 at 15-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 14, 2021. (Dkt. #5 at 1-3). Plaintiff now appeals.

       The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for further proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #8) for judgment on the pleadings. For the reasons set forth below, the plaintiff's

motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling a listed impairment: status-post oral cancer, in remission; hypertension with chronic atrial fibrillation; and diabetes mellitus (Type II). (Dkt. #5 at 18).

Plaintiff was 54 years old on the decision date, with a high school education and past relevant work as a collections clerk. (Dkt. #5 at 19, 22). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the ability to lift and carry up to 10 pounds occasionally, stand or walk for up to 2 hours in an 8-hour workday, and sit up to 6 hours in an 8-hour workday, with scheduled breaks. He can never climb ladders, ropes, or scaffolds, must avoid all exposure to dangerous machinery and unprotected heights, and will average one unscheduled absence per month. (Dkt. #5 at 18).

When presented with this RFC as a hypothetical at the hearing, vocational expert Kenswa Harry testified that such an individual could perform plaintiff's past relevant work as a collections clerk. (Dkt. #5 at 22). The ALJ accordingly found plaintiff not disabled.

I.    **The ALJ's Assessment of the Medical Opinions of Record**

Plaintiff contends that the ALJ erred in his assessment of the medical opinions of record with respect to plaintiff's RFC, and that his rejection, in whole or in part, of all of those opinions without sufficient explanation resulted in an RFC determination that was unsupported by substantial evidence, and constituted the substitution of layperson opinion for competent medical opinion.

The Court agrees. Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

The record here included multiple medical opinions. Treating internist Dr. Richard Carlson rendered an opinion on June 5, 2020, based on an approximately four-year treatment history. (Dkt. #5 at 702-706, repeated at 709-13). Referencing diagnoses and symptoms allegedly listed in attached "office notes" that do not appear to have been made part of the record, Dr. Carlson opined that plaintiff could sit, stand or walk for less than 2 hours in an 8-hour workday, must be able to take a 5-minute walking break after every 30 minutes of sitting, required the ability to change positions and take unscheduled breaks for 15 minutes every 3 hours, and would miss more than four days of work per month due to symptoms. Dr. Carlson also indicated that plaintiff's physical condition was exacerbated by depression and anxiety, that his symptoms would "constantly" interfere with his ability to maintain attention and concentration, and that "due to stress in his life," plaintiff would be incapable of even "low stress jobs." (Dkt. #5 at 702-706, 709-13).

The ALJ found Dr. Carlson's opinion "only partly persuasive," noting that any reference to psychiatric conditions was inconsistent with plaintiff's total lack of mental health complaints, symptoms, treatment or medication, and with Dr. Carlson's objective assessments of plaintiff's "normal" mood during treatment visits. (Dkt. #5 at 21). As for plaintiff's exertional limitations, the ALJ found that Dr. Carlson's opinion was inconsistent with plaintiff's contemporaneous engagement in part-time work. (Dkt. #5 at 18, 21).

On March 22, 2018, plaintiff underwent an examination by consulting internist Dr. Trevor Litchmore. (Dkt. #5 at 423-26). Dr. Litchmore noted plaintiff's history of diabetes, atrial fibrillation, and tongue cancer. Objective findings were entirely normal, except for reduced squat, irregular heart rate and rhythm, and a recall rate of 2/3. Dr. Litchmore assessed "limitations [relating to] activities that involve moderate to marked physical exertion," to account for plaintiff's atrial fibrillation. (Dkt. #5 at 426). The ALJ stated that he found Dr. Litchmore's opinion "amply

4

persuasive" for unspecified reasons, and described it as "consistent" with his RFC determination. (Dkt. #5 at 21).

On April 9, 2020, plaintiff was examined by cardiologist Dr. Dennis Chugh. Dr. Chugh opined that plaintiff had "no impairments from a cardiac standpoint," although he noted that plaintiff's atrial fibrillation was a "lifetime diagnosis" which could cause intermittent flare-ups and symptoms including palpitations, light-headedness and fatigue. (Dkt. #5 at 455-59). Without elaboration, the ALJ concluded that Dr. Chugh's opinion was "persuasive and consistent" with his own RFC finding. (Dkt. #5 at 21).

While an ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' [the ALJ] cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (*quoting Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). Furthermore, if it is unclear how or by what chain of logic the ALJ reached his RFC determination, meaningful review is impossible and remand is necessary, regardless of how thoroughly or accurately the ALJ summarized the medical evidence of record. *See e.g.*, *Starr v. Saul*, 2019 U.S. Dist. LEXIS 144162 at *6 (W.D.N.Y. 2019)(when an ALJ does "not connect the record evidence and RFC findings," the court is left "with many unanswered questions and [lacks] an adequate basis for meaningful judicial review")(quoting *Gorny v. Commissioner*, 2018 U.S. Dist. LEXIS 184815 at *11 (W.D.N.Y. 2018)); *Jordan v. Berryhill*, 2018 U.S. Dist. LEXIS 195216 at *8-*9 (W.D.N.Y. 2018)(the ALJ must explain "the tether between her RFC [determination] and the non-stale medical opinions or statements from plaintiff," otherwise "the RFC appears to be based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand").

Here, while the ALJ purported to find Dr. Carlson's opinion "partly persuasive" and explained his reasons for rejecting the mental limitations Dr. Carlson had described, the ALJ failed to provide a tenable rationale for his rejection of the bulk of the exertional limitations therein, including but not limited to the inability to stand or walk for 2 hours in an 8-hour workday, and the need for walking breaks and the freedom to change positions at will. To the extent the ALJ intended his reference to plaintiff's part-time work to fully explain his rejection of several of the exertional limitations described by Dr. Carlson, that reason is insufficient. There is no indication that plaintiff's part-time work as a cashier, "sitting most of the time at the register, with no real lifting involved" for 8-10 hours on weekends (Dkt. #5 at 18), was performed in a manner that was inconsistent with any of the limitations Dr. Carlson had specified, or that the plaintiff's ability to do part-time work otherwise supported the ALJ's determination that plaintiff could perform such work on a sustained, full-time basis.

With respect to Dr. Litchmore's and Dr. Chugh's opinions, the ALJ's conclusion that they were respectively "amply persuasive" and "persuasive" included no discussion whatsoever of the supportability or consistency factors, or any of the evidence of record. This, too, necessitates remand. *See Laurie K. v. Commissioner*, 2021 U.S. Dist. LEXIS 85183 at *12-*13 (W.D.N.Y. 2021)(the Court "cannot conduct a meaningful review" where an ALJ provides "no reasons, good or otherwise" to explain the ALJ's findings with respect to a medical opinion).

By failing to explain his reasoning for declining to credit several of the exertional limitations opined by Dr. Carlson, I find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Because the limitations identified by Dr. Carlson conflicted with the ALJ's RFC determination and had the potential to alter his ultimate disability finding, the ALJ's

failure to explain his rationale in rejecting most of the limitations they specified was not harmless, and remand is necessary. Moreover, the ALJ erred in crediting of the opinions of Dr. Litchmore and Dr. Chugh without an explanation sufficient to permit meaningful review, and remand is also required on that basis.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #6) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #8) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reassess the evidence of record, applying the proper standards to the medical opinions of record and soliciting additional and updated medical opinions as the ALJ may deem necessary and appropriate (including, but not limited to, completing the record by obtaining the unattached "office notes" referenced in Dr. Carlson's opinion). The ALJ should render an entirely new decision which provides a detailed explanation of the evidence of record supporting the ALJ's findings at each step, identifies the weight given to each medical opinion of record, and explains the reasons that each of the opined limitations are adopted or rejected.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 25, 2023.